UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sedrick Mitchell,

                Petitioner,        Case No. 15-10764

v.                                Judith E. Levy
                                     United States District Judge
Jeffrey Woods,

                                     Mag. Judge Anthony P. Patti
                Respondent.

_____/

**ORDER DENYING MOTION TO ALTER OR AMEND
JUDGMENT [29]**

On December 20, 2016, the Court denied Sedrick Mitchell's petition for a writ of habeas corpus which challenged his Michigan convictions. (ECF No. 16.) Mitchell appealed, and the Sixth Circuit denied a certificate of appealability. *Mitchell v. Woods*, No. 17-1013 (6th Cir. June 26, 2017).

Mitchell subsequently filed a motion for relief from judgment, asserting a new substantive claim challenging his state convictions. (ECF No. 22.) The Court transferred the motion to the Sixth Circuit under 28 U.S.C. § 2244(b) because it amounted to a second or successive habeas

petition. (ECF No. 28.) The Sixth Circuit thereafter determined that the motion was correctly transferred, and that Mitchell failed to demonstrate entitlement to review of his new claim. *In re Mitchell*, No. 23-1579 (6th Cir. Oct. 6, 2023).

Before the Court is Mitchell's motion to alter or amend the order transferring his motion for relief from judgment to the Sixth Circuit. (ECF No. 29, PageID.1927.) Mitchell asserts that the Court erred in transferring his motion as a successive petition because the motion properly challenged the Court's authority to adjudicate his original habeas petition. (*Id.* at PageID.1929.)

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59 "may be granted if there is a clear error of law, newly discovered evidence, [and] an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th

Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (additional quotation omitted)).

The Court will deny Mitchell's motion. Contrary to his argument, the Sixth Circuit conclusively determined that his motion for relief from judgment was properly treated as a second or successive habeas petition. *See In re Mitchell*, No. 23-1579, slip op. at *2. The Sixth Circuit found that despite his allegations, "Mitchell's Rule60(b) motion did not attack any 'defect in the integrity' of the federal habeas proceedings," permitting the Court to adjudicate his new claim. *Id*. The law-of-the-case doctrine "precludes reconsideration of issues decided at an earlier stage of the case." *Yeschick v. Mineta*, 675 F.3d 622, 633 (6th Cir. 2012) (internal citations and quotations omitted); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Because the arguments raised in Mitchell's motion were already rejected by the Sixth Circuit, his motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.

Dated: January 31, 2024      s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                                   United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2024.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager